UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD BAILEY,

    Petitioner,

v.                                            CASE NO:  8:05-cv-2207-T-30MSS

WALTER MCNEIL, et al.,

    Respondents.
_____/

# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  Walter McNeil is the Secretary of the Florida Department of Corrections and is hereby substituted as a Defendant, in place of the former Secretary, James V. Crosby, Jr.. The Court has considered the Petition, Respondents' Response (Dkt. #8) and Petitioner's Reply (Dkt. #11).  Upon review, the Court determines that the Petition must be denied because the Petition is time-barred, see 28 U.S.C. § 2244(d), and because the Petitioner fails to state any meritorious grounds for relief.

## BACKGROUND

On September 5th, 2000, Petitioner pleaded guilty to multiple felonies and, pursuant to a plea agreement, was sentenced to twelve years in prison. Petitioner pleaded guilty to

seven counts of burglary of a structure, seven counts of third degree grand theft, one count of possession of burglary tools, one count of dealing in stolen property, and one count of providing false information on a pawn broker form.

Petitioner was then designated a violent career criminal under Fla. Stat. § 775.084. As the basis for this designation, the State pointed to Petitioner's conviction history, which includes the following:

1. Case 89-04270, Burglary of a Dwelling of Occupied Conveyance, sentenced to one (1) year and one (1) day Florida State Prison on September 11, 1989.

2. Case 90-02671, Burglary of a Conveyance, sentenced to two (2) years and six (6) months Florida State Prison on August 31, 1990.

3. Case 90-03161, Burglary of a Conveyance, sentenced to five (5) years Florida State Prison on May 11, 1992.

4. Case 92-02820, Burglary of a Conveyance, sentenced to five (5) years Florida State Prison on May 11, 1992.

5. Case 93-00104, Burglary of a Conveyance, sentenced to give (5) years Florida State Prison on January 28, 1993.

Petitioner did not appeal the judgment of conviction or his sentence, and it became final on October 4th, 2000. Petitioner filed a series of motions for postconviction relief, all of which were denied. There is some ambiguity in the record over exactly what was filed. The state of Petitioner's allegations and the record is outlined below:

1. Petitioner contends that he filed his first motion for postconviction relief on March 13th, 2002, raising claims of ineffective assistance of counsel. Though there is no record of this Motion available, it appears the Motion was denied by the trial court because

the record shows the Second District Court of Appeals affirmed on October 11th, 2002. The mandate was issued on November 5th, 2002.

    2.    Petitioner contends that he filed a motion to correct illegal sentence on July 22, 2002. Though again there is no record of this Motion, the record does show that the Second District Court of Appeals affirmed the trial court on May 12th, 2004 and that a mandate was issued on June 2nd, 2004.

    3.    Petitioner filed a motion to correct illegal sentence on or about October 21st, 2002, asserting that he did not qualify as a violent career criminal. This Motion was denied on January 24th, 2003. On or about February 11th, 2003, the Petitioner filed a motion for rehearing, which was denied as unauthorized. The denial of the Motion was affirmed by the Second District Court of Appeals on September 24, 2003, and the mandate was issued on October 20th, 2003.

    4.    Finally, Petitioner filed a motion to correct illegal sentence on or about September 20th, 2004, alleging that his sentence violated protections against double jeopardy, that he did not qualify as a violent career criminal, and that his sentence was illegal because the trial court never orally pronounced an adjudication of guilty in with respect to one of his most recent convictions. The circuit court denied this Motion on March 7th, 2005. On August 17th, 2005, the Second District Court of Appeals upheld this denial, and a mandate was issued on September 12, 2005.

    5.    Petitioner also contends that he filed an additional motion to correct illegal sentence on March 13th, 2002, but there is no evidence of this Motion in the record and the

only opinions and mandates on the record from that time period concerned the other March 13th Motion for postconviction relief based on ineffective assistance of counsel.

Finally, on November 27th, 2005, the prisoner filed the present Petition, asserting multiple grounds for relief. Respondent argues that the Petition is time-barred because it was not filed within the one-year limitation period set forth in 28 U.S.C. § 2244(d). Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court agrees. Further, even if Petitioner had filed his Petition in a timely manner, Petitioner's stated grounds for relief are without merit.

## **STANDARD OF REVIEW**

A district court entertains a petition for habeas corpus only on grounds that the petitioner is in custody in violation of the Constitution or laws of the United States, where the petitioner, as here, is in custody pursuant to the judgment of a state court. 28 U.S.C. § 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996.

Further, it is not a federal habeas court's role to conduct an independent review of issues that have been addressed on the merits by state courts. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002). Rather, in such circumstances habeas relief may not be granted unless the adjudication of the claim

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincet, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).

Finally, a state court's factual findings are presumed to be correct, and a petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson v. Campbell, F.3d 880, 890-91 (11th Cir. 2003).

## DISCUSSION

Petitioner's claim for relief is denied because it was not filed in a timely manner and because all of Petitioner's stated grounds for relief are without merit.

**One-year limitation period**

Where a prisoner is held pursuant to a judgment of a State court, a prisoner may only file a habeas petition within one year of one of four alternative triggering events: (1) the date on which the judgment becomes final; (2) the date on which a state-created impediment to the filing of a habeas petition is removed; (3) the date on which a constitutional right asserted was initially recognized by the Supreme Court, provided that the right is retroactively applicable to cases on collateral review; or (4) the date on which a factual predicate to a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Further, should a petitioner file any state motions for postconviction relief, the time during which review of those motions is pending is not to be counted towards this period of limitation. 28 U.S.C. § 2244(d)(2).

Here, the prisoner allowed the one-year limitation period to lapse and therefore his Petition must be denied. Because there is no evidence of a state-created impediment to the filing of his habeas petition, and because the prisoner's Petition does not concern any novel developments in the facts of his case or of Constitutional law, the appropriate triggering event is the date upon which the judgment against him became final. As petitioner filed no direct appeal, the judgment against him became final on October 4th, 2000, thirty days after he was sentenced. By the time Petitioner filed his first motion for postconviction relief on March 13th, 2002, the one-year limitation period had already lapsed. The prisoner did not file the present Petition until December 12th, 2005.

Because the prisoner did not file this Petition within the one-year limitation period, his Petition is invalid and must be denied.

**Claims alleging an illegal search and seizure**

Even if the instant petition had been timely filed it would have to be denied because Petitioner has offered no valid grounds for relief. Each of Petitioner's stated grounds will be considered in turn.

Petitioner first argues that he was improperly convicted based on evidence obtained from an illegal search and seizure, in violation of his Fourth and Fourteenth amendment rights.

This is not a valid ground for granting the prisoner's habeas petition for two reasons. First, where the state has provided the opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted habeas relief on the grounds that

evidence obtained through unconstitutional search and seizure was introduced at his trial. Stone v. Powell, 428 U.S. 465 (1976). Here, Petitioner has exhausted his remedies in the state system and says that he raised the issue in a postconviction Motion to Correct Illegal Sentence, which was denied.

Second, and perhaps more importantly, Petitioner was not convicted upon illegally obtained evidence. Petitioner did not have a trial, but rather pleaded guilty to the charges against him. A guilty plea constitutes a break in the chain of events that has preceded it in the criminal process. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). It is well established state and federal law that a guilty plea waives all but jurisdictional claims up to the time of plea. See Id. Petitioner is in prison based upon his pleading guilty and not a conviction at trial through the use of illegally obtained evidence. As such, his Fourth Amendment claim is without merit.

**Claims alleging ineffective assistance of counsel**

Petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel. Petitioner alleges that his counsel was ineffective because counsel "failed to properly prepare a defense by failing to investigate the issue's [sic] of the illegal stop [and seizure], and the fact that the defendant did not meet the statutory requirement to be sentenced as an Habitual Violent Offender [sic]." Petitioner first raised this claim in a postconviction 3.850 motion, which was denied by the state courts.

The standard of review for claims alleging ineffective assistance of counsel is very high. Where the claim has previously been rejected by the state courts, it is not enough that

a federal habeas court believe, in its independent judgment, that the state courts incorrectly applied the law to a petitioner's case. Cox v. Donnelly, 387 F.3d 193 (2nd Cir. 2004). Rather, the state's application of the law must have been objectively unreasonable. Id.

Here, the state's application of the law was not objectively unreasonable. Though the Second District Court of Appeals' rejection of Petitioner's 3.850 motion was short and conclusory, it was undeniably correct. As observed above, there was no reason for an attorney to investigate the potential for illegal search, as Petitioner pleaded guilty and was not convicted based upon illegally obtained evidence. Further, as explained below, Petitioner had no grounds to challenge his designation as a violent career criminal and therefore it was well within counsel's discretion not to raise the issue.

Moreover, a guilty plea waives all but jurisdictional claims up to the time of the plea. Tollett, 411 U.S. at 266-67. As such, where a petitioner has pleaded guilty, claims of ineffective assistance of counsel will only be reviewed to the extent that they impugn the validity of the plea itself. Stano v. Dugger, 921 F.2d 1125, 1150-51. Petitioner has not alleged that his plea was involuntary or based upon bad information, and therefore relief cannot be granted on those grounds.

Because the state courts' denial of Petitioner's Sixth Amendment claim was objectively reasonable, such claims cannot serve as the basis for habeas relief.

**Claims alleging that habitual offender statutes are unconstitutional**

Petitioner alleges that the State of Florida's habitual offender statutes providing for enhanced sentences for repeat-offenders are unconstitutional violations of double jeopardy

principles, punishing a defendant twice for the same crime. The Supreme Court, however, has repeatedly rejected this view. <u>See</u>, <u>e.g.</u>, <u>Gryger v. Burke</u>, 334 U.S. 728, 732 (1948) (observing that such penalty enhancements are "not to be viewed as either a new jeopardy or additional penalty for the earlier crimes"). Sentences under habitual offender statutes are stiffened penalties for the latest crimes, which are considered to be aggravated because they are repetitive. <u>Id.</u>

**Claims alleging improper designation as a violent career criminal**

Petitioner claims that he was improperly designated as a violent career criminal under Fla. Stat. § 775. 084(1)(d). Specifically, the Petitioner argues that he committed several of the predicate offenses used by the state in reaching this determination before the habitual offender statute was passed, and that therefore this use amounts to an unconstitutional ex-post facto law. The Supreme Court has also repeatedly rejected this view. Habitual offender statutes punish for the latest crime, not for prior offenses. <u>Moore v. State of Missouri</u>, 159 U.S. 673 (1985). The fact that the petitioner committed the predicate offense prior to the passage of the habitual offender statute does not mean that the statute's retroactive application is an unconstitutional ex-post facto law. <u>Gryger</u>, 334 U.S. at 732.

## **CONCLUSION**

For the foregoing reasons, the court determines that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2005\05-cv-2207.deny 2254.wpd